IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| SIGNATURE FINANCIAL LLC, d/b/a <br> SIGNATURE FINANCIAL AND <br> LEASING LLC, <br>       *Plaintiff,* <br> v. <br> ABDUWOSIT RAZIKOV and <br> DILSHOD MIKHMANOV, <br>       *Defendants.* | CASE NO: 6:20-cv-1190 |

## COMPLAINT

Plaintiff Signature Financial LLC, d/b/a Signature Financial and Leasing LLC ("Plaintiff"), by and through its attorneys, complaining of defendants Abduwosit Razikov ("Razikov") and Dilshod Mikhmanov ("Mikhmanov", and together with Razikov, collectively, the "Defendants"), and for causes of action would respectfully assert as follows:

## THE PARTIES

1. Plaintiff is a New York limited liability company whose members are not citizens of the State of Florida.

2. Upon information and belief, Razikov is an individual who is a citizen of the State of Florida and whose principal residence is located within the Middle District of Florida and located at 12411 Holly Jane Court, Orlando, FL 32824, and is therefore deemed to be a citizen of the State of Florida for diversity jurisdiction purposes.

3. Upon information and belief, Mikhmanov is an individual who is a citizen of the State of Florida and whose principal residence is located within the Middle District of Florida

and located at 14112 Dove Hollow Lane, Orlando, FL 32809, and is therefore deemed to be a citizen of the State of Florida for diversity jurisdiction purposes.

## JURISDICTION

4. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy is in excess of $75,000, exclusive of interest and costs, and the Plaintiff and Defendants are citizens of different states.

## VENUE

5. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS

6. Non-party DM World Transportation LLC ("DM") has executed certain Promissory Notes in favor of Plaintiff as follows:

(a) Promissory Note in the principal amount of $745,650.00 dated September 6, 2018;

(b) Promissory Note in the principal amount of $507,053.63 dated February 11, 2019; and

(c) Promissory Note in the principal amount of $939,253.45 dated July 11, 2019 ((a), (b) and (c) as any time modified and/or amended, collectively, the "Notes"). (True and correct copies of the Notes are attached hereto as collective **Exhibit "1"** and the terms and conditions thereof are incorporated herein by reference.)

7. On or about August 22, 2017, DM World and Plaintiff entered into that certain Master Security Agreement (as at any time modified or amended, the "Security Agreement" (A

true and correct copy of the Security Agreement is attached hereto as **Exhibit "2"** and the terms and conditions thereof are incorporated herein by reference.

8. On or about October 6, 2017, Razikov executed that certain Continuing Guaranty (as at any time amended, the "Razikov <u>Guaranty</u>") in favor of Plaintiff. (A true and correct copy of the Razikov Guaranty is attached hereto as **Exhibit "3"** and the terms and conditions thereof are incorporated herein by reference.)

9. On or about each of September 6, 2018 and December 26, 2018, Mikhmanov executed a certain Continuing Guaranty (as at any time amended, collectively, the "<u>Mikhmanov Guarantys</u>") in favor of Plaintiff. (True and correct copies of the Mikhmanov Guarantys are attached hereto as collective **Exhibit "4"** and the terms and conditions thereof are incorporated herein by reference.)

10. On May 12, 2020, DM filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, which bankruptcy case was given bankruptcy case no. 6:20-02684-LVV

## FIRST COUNT – BREACH OF CONTRACT
### (AGAINST RAZIKOV)

11. Plaintiff repeats and realleges the foregoing allegations of this Complaint as if fully set forth herein.

12. DM breached and defaulted under the terms of the Notes and the Security Agreement when it failed to make the required monthly payment due to Plaintiff under the terms of the Notes on December 10, 2019, January 10, 2020 and February 10, 2020 (the "<u>Default</u>").

13. Thereafter, and in accordance with the terms of each of the Notes, the entire balance of all unpaid monies due under the terms of the Notes was declared to be immediately

due and payable (collectively, and together with all other outstanding obligations under the Notes or under the Security Agreement, the "Obligations").

14. As of February 19, 2020, the total of the Obligations was in an amount not less than $1,938,580.38, plus interest from and after February 19, 2020, attorneys' fees, costs and any other amounts, including applicable taxes, due under the terms of the Security Agreement and/or under any of the Notes.

15. Plaintiff has performed all terms and conditions precedent on its part, to the extent that there are any, to be performed pursuant to the Notes, the Security Agreement and the Razikov Guaranty.

16. DM has not paid any of the Obligations to Plaintiff.

17. By reason of the Default and DM's failure to pay the Obligations to Plaintiff, Plaintiff has suffered damages in an amount not less than $1,938,580.38, plus interest from and after February 19, 2020, attorneys' fees, costs and any other amounts (including applicable taxes) due under the terms of the Security Agreement and/or any of the Notes, all of which continue to accrue.

18. Plaintiff has made demand on Razikov for payment of the Obligations.

19. Despite the Default and demand for payment of the Obligations by Plaintiff, Razikov has failed to pay any of the Obligations to Plaintiff.

20. By reason of the foregoing, Razikov breached and defaulted under the terms of the Razikov Guaranty.

21. As a result of the Default, Plaintiff has incurred attorneys' fees and court costs and will continue to incur further legal expenses in the enforcement of its rights and remedies.

Accordingly, Plaintiff seeks an award against Razikov for attorneys' fees and costs incurred and to be incurred by Plaintiff.

22. As of February 19, 2020, Razikov was liable to Plaintiff in an amount not less than $1,938,580.38, plus interest from and after February 19, 2020, attorneys' fees, costs and any other amounts (including applicable taxes) due under the terms of the Security Agreement, any of the Notes and the Razikov Guaranty, all of which continue to accrue.

## SECOND COUNT – BREACH OF CONTRACT
### (AGAINST MIKHMANOV)

23. Plaintiff repeats and realleges the foregoing allegations of this Complaint as if fully set forth herein.

24. Plaintiff has performed all terms and conditions precedent on its part, to the extent that there are any, to be performed pursuant to the Mikhmanov Guarantys.

25. Plaintiff has made demand on Mikhmanov for payment of the Obligations.

26. Despite the Default and demand for payment of the Obligations by Plaintiff, Mikhmanov has failed to pay any of the Obligations to Plaintiff.

27. By reason of the foregoing, Mikmanov breached and defaulted under the terms of the Mikhmanov Guarantys.

28. As a result of the Default, Plaintiff has incurred attorneys' fees and court costs and will continue to incur further legal expenses in the enforcement of its rights and remedies. Accordingly, Plaintiff seeks an award against Mikhmanov for attorneys' fees and costs incurred and to be incurred by Plaintiff.

29. As of February 19, 2020, Mikhmanov was liable to Plaintiff in an amount not less than $1,938,580.38, plus interest from and after February 19, 2020, attorneys' fees, costs and any

other amounts (including applicable taxes) due under the terms of the Security Agreement, any of the Notes and the Mikhmanov Guarantys, all of which continue to accrue.

**WHEREFORE**, by reason of the foregoing, Plaintiff demands judgment in its favor and against Razikov and Mikhmanov jointly and severally in the amount of $1,938,580.38, plus interest from and after February 19, 2020, attorneys' fees, costs and any other amounts due (including applicable taxes) under the terms of the under the terms of the Security Agreement, any of the Notes, the Razikov Guaranty (as against Razikov only) and the Mikhmanov Guarantys (as against Mikhmanov only) and for such other and further relief as the Court deems proper.

Dated:  July 6, 2020                                              Respectfully submitted,

**PRYOR CASHMAN LLP**

By:     *s/ Hans H. Hertell*
        Hans H. Hertell
        Florida Bar No. 71969
        201 South Biscayne Boulevard, 27th Floor
        Miami, FL 33131
        Tel:  (786) 582-3003
        Fax:  (786) 582-3004

        *Attorneys for Signature Financial LLC,*
        *d/b/a Signature Financial and Leasing LLC*